NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVYN KLEIN, Derivatively on Behalf of Nominal Defendant OPUS BANK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STEPHEN H. GORDON, MARK CICIRELLI, MARK E. SCHAFFER, MICHAEL MEYER, ROBERT SHACKLETON, THOMAS M. BOWERS, CURTIS A. GLOVIER, and DAVID KING,<br><br>　　　　Defendants,<br><br>　　And<br><br>OPUS BANK, a California Corporation,<br><br>　　　　Nominal Defendant. | Case No. 8:17-CV-00123-AB (JPRx)<br><br>[~~PROPOSED~~] **PRELIMINARY APPROVAL ORDER**<br><br>Judge: Hon. André Birotte, Jr.<br>Courtroom: 7B – First Street<br>Action Filed: January 24, 2017 |

**Presented to the Court for preliminary approval is a settlement of all claims asserted against all Defendants in the above-captioned action (the "*Klein* Action"). The terms of the Settlement are set out in a Stipulation of Settlement executed by counsel for the Parties as of January 29, 2018 ("Stipulation"). All capitalized terms used herein have the meanings set forth and defined in the Stipulation.**

The Court, upon reviewing the Stipulation, declares that it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. The Court has jurisdiction over the subject matter of the *Klein* Action, the Settlement, and over the Parties to the Stipulation.

2. The Court preliminarily finds that the proposed Settlement should be approved as being fair, reasonable, adequate, and in the best interests of Opus Bank ("Opus") and its shareholders.

3. In connection with preliminary approval of the proposed Settlement, the Court preliminarily finds, for purposes of the Settlement, that the *Klein* Action was properly brought pursuant to Federal Rule of Civil Procedure 23.1 as a shareholder derivative action on behalf of Opus, and that Plaintiff fairly and adequately represents the interests of Opus shareholders in enforcing the rights of Opus.

4. A hearing ("Final Hearing") will be held on July 20, 2018 at 10 a.m. before the Honorable André Birotte, Jr. in Courtroom 7B of the United States District Court for the Central District of California, First Street Federal Courthouse, 350 W. 1st Street, Los Angeles, CA 90012, pursuant to Federal Rule of Civil Procedure 23.1, to among other things: (i) determine whether the proposed Settlement is fair, reasonable and adequate and in the best interests of Opus and Opus shareholders; (ii) consider any objections to the Settlement submitted in accordance with the Notice; (iii) determine whether a Final Judgment substantially in the form attached as Exhibit C to the Stipulation should be entered, dismissing all claims in the *Klein* Action with prejudice and releasing the Released Claims against the Released Persons; (iv)

consider the payment to Plaintiffs' Counsel of attorneys' fees and for the reimbursement of expenses; (v) consider the payment of Service Awards to Plaintiffs to be paid from the Fee and Expense Award; and (vi) consider any other matters that may properly be brought before the Court in connection with the Settlement.

5. Opus shall cause the notice of the proposed Settlement, including the date and time of the Final Hearing to be filed on Form 8-K with the U.S. Securities and Exchange Commission; published in a press release and/or published in *Investor's Business Daily*; and to be posted, together with the Stipulation, on the Investors Relations portion of Opus's website within ten (10) calendar days following the entry of this Order, which notice of the proposed Settlement shall be substantially in the form of the Notice attached as Exhibit B-1 to the Stipulation. Such notice is hereby found to be reasonable and sufficient under the circumstances, and to comply with the provisions of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process of the United States Constitution, and to constitute due and sufficient notice to all Persons affected by the proposed Settlement and entitled to participate in the Final Hearing.[1]  Non-material changes to the form of the Notice may be made upon agreement by the Parties without further approval of the Court.

6. At least ten (10) days prior to the Final Hearing, counsel for Opus shall file proof by declaration of the filing and publication of the Notice, and of the posting of the Notice and Stipulation as set forth in Paragraph 5 above.

7. Any Opus Shareholder who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Stipulation, or to the proposed Fee and Expense Award and Service Awards, may file an objection. An objector must file with the Court a written statement of his, her or its objection(s): (a) clearly indicating that objector's name, mailing address, daytime telephone number,

---

[1] The Court's approval of the Notice is subject to the Parties filing a status report on or before April 20, 2018 explaining how the Notice will inform Opus Shareholders of the amount of attorneys' fees at stake in this case.

3

and e-mail address (if any); (b) stating that the objector is objecting to the proposed Settlement and/or proposed Fee and Expense Award and Service Awards; (c) specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection; and (d) identifying and supplying documentation showing how many shares of Opus common stock the objector owned as of January 29, 2018, when the objector purchased or otherwise acquired such shares, and whether the objector still owns any such Opus shares.

8. The objector must file such objections and supporting documentation with the Clerk of the Court, U.S. District Court Central District of California, Western Division, First Street Federal Courthouse, 350 W. 1st Street Los Angeles, CA 90012, not later than twenty-one (21) days prior to the Final Hearing, and, by the same date, copies of all such papers must also be received by each of the following persons:

**Counsel for Plaintiff Klein:**
Thomas J. McKenna
GAINEY McKENNA & EGLESTON
440 Park Avenue South, 5th Floor
New York, NY 10016

**Counsel for Plaintiff Dillard:**
Laurence M. Rosen
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, NY 10016

**Counsel for Defendants and Opus:**
Eric A. Kuwana
KATTEN MUCHIN ROSENMAN LLP
2900 K Street NW North Tower - Suite 200
Washington, DC 20007

An objector may file an objection on his, her or its own or through an attorney hired at his, her or its own expense. If an objector hires an attorney to represent him, her or it for the purposes of making such objection pursuant to this paragraph, the attorney

must effect service of a notice of appearance on the counsel listed above and file such notice with the Court no later than twenty-one (21) days before the Final Hearing. Any Opus Shareholder who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred. Any submissions by the Parties in support of final approval of the Settlement shall be filed with the Court and served at least twenty-eight (28) days before the Final Hearing, and any submissions by the Parties in opposition or response to objections shall be filed with the Court no later than seven (7) days before the Final Hearing.

9. Any objector who files and serves a timely, written objection in accordance with the instructions above and herein, may appear at the Final Hearing either in person or through counsel retained at the objector's expense. Objectors need not attend the Final Hearing, however, in order to have their objections considered by the Court. Timely objectors or their attorneys intending to appear at the Final Hearing are required to indicate in their written objection (or in a separate writing submitted to the counsel listed in the preceding paragraph no later than twenty-one (21) days prior to the Final Hearing) that they intend to appear at the Final Hearing and identify any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Hearing. Objectors or their attorneys intending to appear at the Final Hearing must also, no later than twenty-one (21) days prior to the Final Hearing, file with the Court, and serve upon counsel listed in the above paragraph, a notice of intention to appear, setting forth the name and address of anyone intending to appear. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Final Hearing, except for good cause shown.

10. Defendants' Counsel and Plaintiffs' Counsel shall promptly furnish all Parties with copies of any and all objections and notices of intention to appear that come into their possession.

11. Pending final determination of whether the Settlement should be approved, Plaintiffs and all other Opus Shareholders, and anyone who acts or purports to act on their behalf, shall not institute, prosecute, participate in, or assist in the institution, prosecution, or assertion of, any Released Claim against any of the Released Persons.

12. This Order shall become null and void, and shall be without prejudice to the rights of the Parties if the Settlement is terminated in accordance with the Stipulation. In such event, paragraph 17 of the Stipulation shall govern the rights of the Parties.

13. This Order shall not be construed or used as an admission, concession, or presumption by or against any of the Released Persons of any fault, wrongdoing, breach, or liability or as a waiver by any Party of any arguments, defenses, or claims he, she, or it may have in the event that the Stipulation is terminated, nor shall it be used in any manner prohibited by paragraph 19 of the Stipulation. In the event this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or presumption by or against the Released Persons or the Plaintiffs.

14. All proceedings in this action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation and this Order. This Court retains exclusive jurisdiction over the *Klein* Action to consider all further matters arising out of or connected with the Settlement.

15. The Court reserves the right to approve the Stipulation and the Settlement with modifications agreed to by the Parties and without further notice to any Opus Shareholders. The Court further reserves the right to adjourn the date of the Final Hearing without further notice to Opus Shareholders, and retains jurisdiction to consider all further matters related to the *Klein* Action or the Settlement.

16. On or before April 20, 2018, the Parties shall file a status report that explains the status of their negotiations regarding attorneys' fees. The status report shall explain how the Notice will inform Opus Shareholders about the amount of attorneys' fees that Plaintiffs' counsel might recover.

SO ORDERED this 13th day of March, 2018.

_____
The Honorable André Birotte, Jr.
United States District Court Judge